UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOGISTICA HOLDING LTD.,

          Plaintiff,

- against -

AL AMIR CO. FOR FOOD PRODUCTS and
SAMIR HASSAN,

          Defendants.
-----------------------------------------------------------X



09 CIV 3762

ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT AND
APPOINTING PROCESS SERVER

WHEREAS, on April 14, 2009, Plaintiff LOGISTICA HOLDING LTD. filed a Verified Complaint in the captioned action for damages of $ 1,051,661.25 inclusive of interest, costs and reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal, or other designated process server, attach any and all of the Defendants' property within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit of Anne C. LeVasseur dated April 14, 2009, and finds that the conditions of Supplemental Admiralty Rule B appear to exist; and

WHEREAS, Plaintiff has moved for an Order pursuant to Fed. R. Civ. P. 4(c) appointing Anne C. LeVasseur of Lennon, Murphy & Lennon, LLC or any other person appointed by Lennon, Murphy & Lennon LLC who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment in this matter, and it appearing that such

The consent of the garnishee may be manifested in the garnishee's rules, policies or other instructions regarding service. Service shall be deemed made within the District if a natural person within the District causes the service to be transmitted to a garnishee having an office within the District; and it is further

**ORDERED**, that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further

**ORDERED**, that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to a fax number of e-mail address designated by the garnishee for that purpose or by other means consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F); and it is further;

**ORDERED**, that if this action has been filed under seal, such sealing shall expire, except for good cause shown by plaintiff, 30 days from the date of the issuance of this Order, at which time plaintiff's counsel shall file an unsealed copy of the Verified Complaint and this Order with the Clerk of the Court; and it is further,

**ORDERED**, that this Order shall automatically expire 120 days from the date of its

issuance, except that the Order shall not expire in respect of any funds attached during that period. Moreover, this Order may be extended for up to an additional 90 days upon a showing of good cause by plaintiff, provided that where at least some funds have been attached within the first 90 days such extension shall be freely given. Such application for an extension may be made by letter application. Further 90 day extensions may be granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary circumstances; and it is further,

**ORDERED**, that in the event funds are attached pursuant to this Order, such attachment shall automatically expire 60 days thereafter unless plaintiff advises the Court by letter within that time of the particulars of such attachment and either confirms that it has commenced proceedings or arbitration on the merits of the claims underlying the attachment or shows good cause why it has not done so; and it is further,

**ORDERED**, that upon the expiration or vacatur of this Order by reason of the two preceding paragraphs, this action may be dismissed without prejudice, without costs and without further notice to any party.

Dated: April __14__, 2009

SO ORDERED:

_____
U. S. D. J.

# SCHEDULE "A"

ABN Amro;

American Express Bank;

Bank of America;

Bank of New York;

Bank of China;

BNP Paribas;

Citibank;

Deutsche Bank;

HSBC Bank USA Bank;

J.P. Morgan Chase;

Societe Generale;

Standard Chartered Bank;

UBS, and/or

Wachovia Bank N.A.